IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-0108 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | |
| MARTHA SANTIAGO, | |
| Defendant. / | |

On August 15, 2011, defendant Santiago pled guilty to wire fraud, aggravated identity theft, and conspiracy to possess methamphetamine with the intent to distribute. Defendant and the United States entered a plea agreement pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure, which allows them to jointly agree on an appropriate sentence. As part of that agreement, defendant admitted all the elements of each offense to which she pled guilty and promised not to appeal or otherwise challenge her sentence or conviction, except to assert a claim for ineffective assistance of counsel.

On January 13, 2012, the Court sentenced defendant to serve 84 months in custody followed by five years of supervised release, and to pay $1,044 in restitution and $300 for a special assessment. This sentence was in alignment with the parties' plea agreement.

Defendant now requests that the Court reappoint her counsel to review her sentencing as it relates to the recent Supreme Court case, *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," overruling *Harris v. United States*, 536 U.S. 545 (2002). *Alleyne* did not consider sentencing in relation to a Rule 11(c)(1)(c) plea agreement.

The Court finds that the reappointment of counsel is not appropriate in this case. Accordingly, the Court DENIES defendant's motion.

**IT IS SO ORDERED.**

Dated: July 25, 2013

SUSAN ILLSTON
United States District Judge